UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAM BAGS, LLC,

    Plaintiff,

v.

ZIP-IT Ltd.,

    Defendant.
_____/

## COMPLAINT
### (Injunctive Relief Demanded)

BAM BAGS, LLC, a Colorado limited liability company ("BAM BAGS," or "Plaintiff"), by and through undersigned counsel, brings this Complaint against defendant, ZIP-IT Ltd. ("ZIP-IT," or "Defendant"), an Israeli company, for injunctive relief and damages, and in support thereof states as follows:

### NATURE OF THE ACTION

1.    This is an action by BAM BAGS against ZIP-IT for patent infringement based on the infringement by ZIP-IT of BAM BAGS' United States Patent No. 7,509,985 B2 entitled "Handbag – with novel features." Further, this is an action by BAM BAGS against ZIP-IT for trademark infringement based on the infringement by ZIP-IT of Bam BAGS' United States Registered Trademark for ZIPPURSE, Trademark Reg. No. 3118990.

### THE PARTIES

2.    Plaintiff BAM BAGS, LLC is a Colorado limited liability company with a principal place of business in Englewood, Colorado 80111.

1

3. Defendant ZIP-IT Ltd. is an Israeli company with a principal place of business at 4 HaBonim Street, Ramat-Gan, Israel.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 271, and for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114 *et seq.*

5. This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) because BAM BAGS seeks relief under the Lanham Act for trademark infringement of a United States registered trademark owned by BAM BAGS.

6. This Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because BAM BAGS seeks relief under the Patent Act, including remedies for patent infringement of a United States patent owned by BAM BAGS.

7. Defendant ZIP-IT is subject to the personal jurisdiction of this Court because ZIP-IT consented to the jurisdiction of the New York courts in the license agreement entered into between ZIP-IT and BAM BAG's predecessor-in-interest Beth Metsch.

8. Venue is proper in this district pursuant to the license agreement entered into between ZIP-IT and BAM BAG's predecessor-in-interest Beth Metsch. The license agreement provides that any dispute between the parties should be instituted in a federal court of competent jurisdiction in New York, New York.

**BACKGROUND**

9. BAM BAGS is a small company based in Englewood, Colorado that develops fashion accessories, especially handbags, for the higher-end market. Founded in 2001 by Beth A. Metsch ("Metsch"), BAM BAGS' handbag designs have been sold at exclusive boutiques across the country. BAM BAGS specializes in unusual and innovative designs. BAM BAGS began with limited edition version leather handbags, and then developed fabric totes, diaper bags and finally the Zippurse®, a unique handbag constructed from one continuous length of zipper.

10. Metsch developed the design for the Zippurse® and applied for both utility and design patents with the United States Patent and Trademark Office ("USPTO"). On March 31, 2009, U.S. Patent Serial No. 7,509,985 B2 entitled "Handbag – with novel features" (the "'985 Patent") was issued to Metsch by the USPTO. A true copy of the '985 Patent is hereby attached as **Exhibit "1."**

11. On August 8, 2005, Metsch filed an application for registration of the ZIPPURSE trademark with the USPTO. On July 25, 2006, the ZIPPURSE trademark (the "ZIPPURSE Mark") was registered with the USPTO in the name of Metsch and was assigned U.S. Registration Serial No. 3118990. The ZIPPURSE Mark is registered in connection with handbags, change purses, and cosmetic cases sold empty. A true copy of the certificate of registration for the ZIPPURSE Mark is hereby attached as **Exhibit "2."**

12. On August 8, 2005, Metsch filed an application for registration of the BAM BAGS trademark with the USPTO. On January 2, 2007, the BAM BAGS trademark (the "BAM BAGS Mark") was registered with the USPTO in the name of Metsch and was assigned U.S. Registration Serial No. 3190652. The BAM BAGS Mark

is registered in connection with handbags, change purses, and cosmetic cases sold empty. A true copy of the certificate of registration for the BAM BAGS Mark is hereby attached as **Exhibit "3."**

### THE LICENSE AGREEMENT BETWEEN METSCH AND DEFENDANT

13. On or about October 1, 2009, Metsch d/b/a BAM BAGS and ZIP-IT entered into an exclusive license agreement (the "License"). A copy of the License is hereby attached as **Exhibit "4."**

14. Metsch granted an exclusive license to ZIP-IT to the '985 Patent (the "'985 Patent") to make, use, sell, offer to sell, and import any products covered by the claims of the '985 Patent (the "Licensed Products"). Compl. Exh. 4, p. 2, ¶ 1. Metsch further granted an exclusive license to ZIP-IT to use the BAM BAGS mark (the "BAM BAGS Mark") in connection with the sale of the Licensed Products. Compl. Exh. 4, p. 3, ¶ 2.

15. In consideration for the License, ZIP-IT agreed to pay a royalty based on the gross sales of the Licensed Products. Compl. Exh. 4, p. 3, ¶ 3. The percentage of the royalties due varied depending on whether the Licensed Products were sold in the United States and on whether the Licensed Products were marked by ZIP-IT with the BAM BAGS Mark or with another mark. *Id*. pp. 3-4, ¶¶ 3. Aside from the royalties based on gross sales, ZIP-IT agreed to pay Metsch no later than three days before the start of each calendar quarter (on October 1st, January 1st, April 1st and July 1st) an advance on royalties in the amount of $2500.00. *Id*. p. 4, ¶ 3(d). Under the License, Metsch had the right to terminate the License if payment of the advance on royalties was not made for three consecutive quarters and where such failure was not timely cured by ZIP-IT within

4

10 days from receipt of a notice from Metsch. *Id*. p. 5.  Further, ZIP-IT was to submit semi-annual royalty reports along with payment of the corresponding royalties to Metsch within 45 days from the end of each six-month calendar period (January 1 - June 30; July 1 -December 31).   *Id*. p. 5, ¶ 3(e).

16. The License was governed by the laws of the State of New York and the parties agreed that any action relating to the License shall be instituted in federal or state court of competent jurisdiction in New York, New York.  *Id*. p. 12, ¶ 18.

17. The License was meant to inure to the benefit and to be binding upon the parties, their successors, assigns and all entities operated and/or controlled by any of the parties.   *Id*. pp. 12-13, ¶ 19.

## THE BREACH AND TERMINATION OF THE LICENSE

18. ZIP-IT is in the business of distributing and selling purses, handbags, pencil cases and related products.  ZIP-IT maintains a website located at www.zippit.com on which ZIP-IT sells products subject to the '985 Patent.  Further, ZIP-IT sells products competing with BAM BAG's products under the Zipit trademark (the "ZIPIT Mark"). Images showing use of the ZIPIT Mark by ZIP-IT in connection with the sale of bags, handbags, purses, and pencil cases are attached as **Composite Exhibit "5."**  Upon information and belief, ZIP-IT sells through its website products in the United States.

19. During the year of 2013, ZIP-IT sold the Licensed Products and ZIP-IT paid advance on royalties and royalties to Metsch pursuant to the License for the sale of the Licensed Products.

20. During the year of 2014, ZIP-IT continued to sell the Licensed Products. However, ZIP-IT failed to pay advance on royalties before the start of each calendar

quarter. Further, ZIP-IT never provided Metsch with its royalty reports and royalty payments due under to the License within forty-five days from the end of each six-month calendar period.

21. As a result, on November 6, 2014, Metsch sent a letter to ZIP-IT in which Metsch gave notice to ZIP-IT that ZIP-IT was in breach of the License for failing to provide its semi-annual royalty report and payment of royalties due within 45 days after June 30, 2014. A copy of the letter of November 6, 2014 is hereby attached as **Exhibit "6."** In the letter, Metsch gave 30 days to ZIP-IT to cure its breach of the License.

22. On November 15, 2014, ZIP-IT sent an email to Metsch in which ZIP-IT stated that the royalties report was ready and that it would be sent to Metsch the next day. A copy of the email of ZIP-IT of November 15, 2014 is hereby attached as **Exhibit "7."** No report was received by Metsch the next day as promised by ZIP-IT.

23. Instead, on November 26, 2014, ZIP-IT emailed Metsch and explained to Metsch that it was impractical for ZIP-IT to continue paying Metsch the agreed upon royalty rate under the License. A copy of the email from ZIP-IT of November 26, 2014, is hereby attached as **Exhibit "8."** ZIP-IT suggested to lower the royalty rate to 3.5% and asked Metsch if she would be wiling to amend the License to change the royalty rate. The License was never amended by the parties to reduce the amount of the royalty rate due. ZIP-IT never provided the royalty report and royalty payment to Metsch following the November 26, 2014 email.

24. As a result, on December 10, 2014, Metsch's counsel sent a letter to ZIP-IT. A copy of the letter of December 10, 2014 is hereby attached as **Exhibit "9."** In the letter, Metsch's counsel explained that ZIP-IT was in breach of the License due to its

6

failure to pay royalties to Metsch pursuant to the License. ZIP-IT was given an additional seven days to cure its breach.  The letter also warned ZIP-IT that unless it paid the royalties within seven days, Metsch would consider ZIP-IT to be in breach of the License and infringing upon the '985 Patent and the BAM BAGS Mark subject to the License.

      25.      In response, on December 15, 2014, ZIP-IT's counsel sent a letter to Metsch's counsel.  A copy of the letter of December 15, 2014 is hereby attached as **Exhibit "10."**  ZIP-IT's counsel argued that ZIP-IT was not in breach of the License. Further, ZIP-IT's counsel stated that ZIP-IT compared the Patents of Metsch (including the '985 Patent) with the Zipper Bags sold by ZIP-IT and found that no royalties were due under the License.  ZIP-IT's counsel letter suggested that ZIP-IT did not find that the products sold by ZIP-IT fell under and were covered by the claims of the '985 Patent subject to the License.

      26.      During the year of 2015, ZIP-IT continued to sell the Licensed Products. However, ZIP-IT failed to pay advance on royalties before the start of each calendar quarter.  Further, ZIP-IT never provided Metsch with its royalty reports and royalty payments due under to the License within forty-five days from the end of each six-month calendar period.

      27.      On March 3, 2015, Metsch assigned her rights and title (including the right to sue for past infringement) in the '985 Patent to BAM BAGS.  On the same date, Metsch assigned her rights, title and goodwill (including the right to sue for past infringement) in the ZIPPURSE Mark and BAM BAGS Mark to BAM BAGS.

      28.      Plaintiff has retained the undersigned attorneys and agreed to pay them a reasonable fee for their services.

**COUNT I – PATENT INFRINGEMENT**

29. BAM BAGS incorporates the allegations of paragraphs 1 through 28 of this complaint as if fully set forth herein.

30. BAM BAGS is the owner of the '985 Patent.

31. ZIP-IT makes, uses, sells and/or offers to sell, within the United States, the ZIPIT Products consisting of a line of bags, handbags, purses, and pencil cases (the "ZIPIT Products").

32. The ZIPIT Products infringe, literally or under the doctrine of equivalents, one or more claims of the '985 Patent.

33. ZIP-IT sells through its website the ZIPIT Products in the United States.

34. ZIP-IT's acts of infringement have been willful and with full knowledge and in conscious disregard of BAM BAGS' rights under the '985 Patent.

35. ZIP-IT will continue to infringe the '985 Patent in the future unless enjoined by the Court.

36. BAM BAGS has been damaged by ZIP-IT's infringement of the '985 Patent in an amount to be proven at trial.

**COUNT II – TRADEMARK INFRINGEMENT**

37. BAM BAGS incorporates the allegations of paragraphs 1 through 28 of this complaint as if fully set forth herein.

38. BAM BAGS is the owner of the ZIPPURSE Mark which was registered on July 25, 2006 with the USPTO in connection with handbags, change purses, and cosmetic cases sold empty.

39. Since August 2, 2004, BAM BAGS has used the ZIPPURSE Mark in interstate commerce, and has continued to use the ZIPPURSE Mark without interruption up to the present time, in connection with the sale, distribution, marketing, advertising and promotion of handbags, change purses, and cosmetic cases sold empty.

40. ZIP-IT uses in commerce the ZIPIT Mark in connection with the sale of ZIP-IT's handbags, purses and related products. The ZIPIT Mark is confusingly similar to the ZIPPURSE Mark when used in connection with handbags, change purses, and cosmetic cases sold empty.

41. ZIP-IT's use of the ZIPIT Mark is deceptive and misleading.

42. ZIP-IT's use in commerce of the ZIPIT Mark in connection with the sale of handbags, purses and related products constitutes use in commerce of words, terms, that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of ZIP-IT with BAM BAGS, or as to the nature, characteristics, qualities, origin, sponsorship, or approval of ZIP-IT's goods, or commercial activities by BAM BAGS.

43. ZIP-IT sells through its website the ZIPIT Products using the ZIPIT Mark in the United States.

44. ZIP-IT's infringing use of the ZIPIT Mark has been willful and with full knowledge and in conscious disregard of BAM BAGS's rights and use of the ZIPPURSE Mark.

45. ZIP-IT will continue to infringe the ZIPPURSE Mark in the future unless enjoined by the Court.

46. ZIP-IT's acts infringe BAM BAGS' ZIPPURSE Mark in violation of 15 U.S.C. § 1125(a).

47. BAM BAGS has been damaged by ZIP-IT's infringement of the ZIPPURSE Mark in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BAM BAGS prays:

a) That the Court finds ZIP-IT liable for direct infringement of the '985 Patent, either literally or under the doctrine of equivalents, and/or for indirect infringement;

b) That ZIP-IT, and all of its officers, directors, agents, servants, employees, successors and assigns, and all persons acting in concert or in active participation with it, be preliminary and permanently enjoined and restrained from making, using, importing, selling, and/or offering to sell in the United States handbags, change purses, or cosmetic cases sold empty or any other goods that infringe the '985 Patent;

c) That ZIP-IT be ordered to deliver up for destruction all handbags, change purses, cosmetic cases sold empty and any other goods that infringe the '985 Patent;

d) That ZIP-IT be directed to file with this Court and serve upon BAM BAGS a written report under oath setting forth in detail the manner in which ZIP-IT has complied with the injunction;

e) That the court awards BAM BAGS compensatory damages due to ZIP-IT's infringement of the '985 Patent, including lost profits and/or a reasonable royalty;

f) That the court finds this case exceptional within the meaning of 35 U.S.C. § 285 based on the willful nature of ZIP-IT's infringement, and that the court enters judgment three (3) times such compensatory amounts pursuant to 35 U.S.C. § 284;

g) That the court awards ZIP-IT its reasonable attorney fees incurred in this action pursuant to 35 U.S.C. § 285;

h) That the court awards ZIP-IT its taxable costs, disbursements, and pre-judgment and post-judgment interest;

i) For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated:  March 9, 2015

Schneider Rothman Intellectual Property Law Group PLLC
4651 N. Federal Hwy
Boca Raton, FL 33431
Tel:  561-404-4350
Fax: 561-404-4353
Attorneys for Plaintiff

By:_____
Joel B. Rothman (JR0352)
joel.rothman@sriplaw.com